# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LAURI ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 07-1131-MLB |
| | ) |
| THE GARDEN CITY CO-OP, INC., and | ) |
| JOHN MCCLELLAND, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM AND ORDER

Plaintiff's Third Motion to Compel Discovery Responses (Doc. 79) and Defendants' Response (Doc. 81) are now before the Court. Plaintiff did not file a reply and the time to do so has expired. D. Kan. Rule 6.1(d)(1). Having reviewed the submissions of the parties, the Court is prepared to rule.

## BACKGROUND

The background of this employment discrimination case was previously summarized in the Court's February 8, 2008, Order regarding Plaintiff's Motion to Compel and for Sanctions and to Extend Expert Witness Deadlines. (Doc. 24.) That summary is incorporated herein by reference.

1

The discovery requests at issue were served by Plaintiff on November 24, 2008. (Doc. 76.) Defense counsel initially requested additional time to respond to the requests (Doc. 80, at 1-2), but then served objections to all the requests at issue before an agreement could be reached with Plaintiff's counsel regarding the requested extension. (*See* Doc. 80, at 2; Doc. 80-5.) No documents or privilege log were produced with Defendants' objections. (*Id.*)

The parties engaged in subsequent communication and resolved issues relating to Plaintiff's requested access to a laptop computer as well as the requests relating to Defendants' accounting firm, Lindberg and Vogel. (Doc. 80, at 2; Doc. 81, at 2.) Defendants assert that the only remaining issues relate to the Requests for Production served on Defendant McClelland (Doc. 80-5, at 7-20),[1] which seek various types of his personal financial information. (Doc. 81, at 2.)

## DISCUSSION

Fed. R. Civ. P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears

---

[1] Because Plaintiff did not reply to Defendant's Response, this assertion remains uncontested. Thus, the Court's Order will address only those issues relating to the discovery of Defendant McClelland's financial information. (*See* Doc. 80-5, at 7-20.) To the extent that Defendants have yet to produce the laptop at issue or the agreed documents relating to Lindberg and Vogel (*see* Doc. 81, at 2), such items shall be produced to Plaintiff's counsel within **10 (ten) days** of the date of this Order.

2

reasonably calculated to lead to the discovery of admissible evidence." "'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence." *Teichgraeber v. Memorial Union Corp. of Emporia State University*, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted). "Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." *Smith v. MCI Telecommunications Corp.*, 137 F.R.D. 25, 27 (D.Kan.1991).

The discovery requests at issue relate to the financial worth of individual Defendant John McClelland. Plaintiff contends McClelland's worth is relevant to her claim for punitive damages against him. (Doc. 80, at 5.) Plaintiff has requested information regarding this Defendant's ownership interest in real property, vehicles/machinery/equipment, accounts, stocks/bonds/mutual funds, and businesses/corporations/partnerships. (Doc. 80, at 5-6; Doc. 80-5.) She also requests copies of any loan applications, financial statements, Defendant's tax returns for 2005 to the present, and Defendant's current credit report. (*Id.*)

Defendants argue that this "judgment debtor" type discovery is improper because punitive damages are unavailable to Plaintiff under her FLSA claim and

such requests are otherwise "improper until a judgment is first obtained." (Doc. 81, at 2.) Plaintiff argues that "discovery disputes are not the forum for decisions about what legal theories will be allowed to prevail in this case." (Doc. 80, at 8.) Rather, Plaintiff contends that such arguments are more appropriate at the summary judgment stage. (*Id*.) Plaintiff is correct, to a degree. Although she is not required to prove a *prima facie* claim for punitive damages, Plaintiff must establish that her claim for punitive damages is not spurious. *See* **Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc**., 130 F.R.D. 149, 152 (D.Kan.1990); *see also* **Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.**, No. 05-2164-MLB-DWB, 2007 WL 950282, at *13 (D. Kan. Mar. 26, 2007).

Of the four claims contained in Plaintiff's Second Amended Complaint, only one has been brought against Defendant McClelland – Count I, Violation of Equal Pay Act and Retaliation for Complaining of Violation of Equal Pay. (Doc. 54, at 2-3.) In her memorandum, Plaintiff states that her claim for punitive damages against McClelland is "justifie[d]" because of "his pretextual discharge of her after her complaints of unequal pay based on gender..." (Doc. 80, at 8.) In other words, Plaintiff is seeking punitive damages for retaliation based on her claims of an alleged violation of the Equal Pay Act. The question, therefore, is whether such damages are allowed under the Equal Pay Act.

In its most simple terms, the Equal Pay Act makes it illegal for an employer to pay members of the opposite sex different wages for the same work. The Act is codified at 29 U.S.C. § 206(d), making it part of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

At least one court in this District has discussed the issue of punitive damages under the FLSA, noting with favor that other Circuits have "held that the FLSA's enforcement provisions . . . do not permit a plaintiff to recover mental distress or punitive damages of this type." **Goico v. Boeing Co**., 347 F.Supp.2d 986, 995 (citing **Goldstein v. Manhattan Industries, Inc.**, 758 F.2d 1435, 1446 (11th Cir.1985)).[2]

The **Goico** court also discussed the Seventh Circuit's exception to this rule, which allows punitive damages in retaliation claims brought under the FLSA. *Id*., at 996 (discussing **Travis v. Gary Comm. Mental Health Center**, 921 F.2d 108 (7th

---

[2] In *Goico*, the issue before the Court was whether punitive damages are allowable for claims of discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA"). The Court observed that "[t]he enforcement provisions of the ADEA, which were patterned after the Fair Labor Standards Act (FLSA), state in part that the ADEA shall be enforced in accordance with the provisions of the FLSA . . ." 347 F.Supp. 2d at 994. The Court continued by noting that the ADEA's enforcement provisions state that "any violation of the ADEA shall be deemed a violation of the FLSA . . ." *Id*. Although *Goico* is an ADEA case, it specifically discusses whether punitive damages are allowable under the FLSA because of the ADEA's reliance on that Act's enforcement provisions. Thus, the *Goico* court's discussion of punitive damages under the ADEA is clearly applicable to the present analysis of punitive damages under the Equal Pay Act/FLSA.

Cir. 1990)).³ The *Travis* opinion discusses the effect of the 1977 amendment to the FLSA, "which added language essentially identical to the 'appropriate legal relief' provision of the ADEA . . ." *Goico*, 347 F.Supp.2d at 996 (*citing Travis*, 921 F.2d at 111-12. According to the Seventh Circuit, "[a]ppropriate legal relief includes damages," and the 1977 Amendment to the FLSA "does away with the old limitations" under which damages are allowable "without establishing new ones." *Travis*, 921 F.2d at 112. Therefore, according to *Travis*, punitive damages "are appropriate" under the FLSA "for intentional torts such as retaliatory discharge." *Id*.

In *Goico*, Senior District Judge Wesley Brown analyzed the *Travis* exception and unequivocally stated that there is no support for "the view that Congress intended to single out retaliation claims under the FLSA (or ADEA) for potentially far greater recovery than it allowed with respect to virtually all other types of employment discrimination claims." 347 D.Kan. at 997. *Goico* continued, holding that "that the *Travis* exception for retaliation claims is not well-founded, and is not a persuasive basis for abandoning the long-standing rule that damages for mental distress and punitive damages are not available on claims

---

³ As stated previously, Plaintiff seeks punitive damages through her Equal Pay Act retaliation claim. (Doc. 80, at 8.)

under the ADEA." *Id*.

Because the recovery available under the ADEA is analogous to that allowed under the FLSA, the Court believes that this language from *Goico* is applicable to the Equal Pay Act issue currently pending before the Court. The Court thus finds that Plaintiff has failed to establish that her punitive damage claim under Count I is not spurious. Therefore the court cannot allow discovery to proceed relating to Defendant McClelland's financial worth <u>at this time</u>. However, in the event the assigned trial judge in this case rules that Plaintiff is entitled to seek punitive damages on her FLSA retaliation claim, Plaintiff may renew her motion to compel.[4]

**IT IS THEREFORE ORDERED** that Plaintiff's Third Motion to Compel

---

[4] Even if the court granted the present motion and compelled discovery of a defendant's financial information in connection with a punitive damage claim, the court would have stayed any production of the financial information until defendant had the opportunity to challenge the viability of the punitive damage claim before the District Judge. *See e.g.,* **Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.**, No. 05-2164-MLB-DWB, 2007 WL 950282, at *13 (D. Kan. Mar. 26, 2007).

(Doc. 79) is **DENIED**, without prejudice to renewal in the future.

Dated at Wichita, Kansas, on this 18th day of March, 2009.

                                     s/ DONALD W. BOSTWICK
                                     DONALD W. BOSTWICK
                                     United States Magistrate Judge