# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LAURI J. ALLEN,

               *Plaintiff,*

vs.

                         Case No. 07-1131-EFM

THE GARDEN CITY CO-OP, INC. et al.,

               *Defendants.*

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion to Continue Jury Trial (Doc. 152) and her Amended Motion to Continue Jury Trial (Doc. 154).[1] This filing should be understood in the context of this case's procedural history.

This case was filed on May 8, 2007, with an Amended Complaint filed a year later, on May 13, 2008. The Pretrial Order was entered on March 30, 2009, with trial estimated to last six days and set for October 13, 2009. Due to conflicts on the Court's trial schedule, on August 28, 2009 trial was rescheduled to begin on September 29, 2009. Defendants promptly objected to this advancement of the trial date, as it conflicted with one of their busy times of the year. On September

---

[1]The motion at Doc. 152 referenced an attached affidavit from Plaintiff in support of her motion, but the attached affidavit, though from Plaintiff, was unrelated to the motion. When the non-relevance of the affidavit was noted during a telephone hearing on the motion, Plaintiff's counsel blamed her secretary for attaching the wrong document (not the first time in this case that counsel has blamed her hapless secretary for incorrect filings), and filed a corrected motion with the correct affidavit. Counsel is admonished that she, and not her secretary, is responsible for her filings.

8, 2009, the Court restored the case to its original trial date of October 13, 2009, in a number two setting. When the number one setting for that date did not go away, the Court on September 23, 2009 gave this case a number one setting for November 16, 2009.

On November 12, 2009, the parties appeared for the previously scheduled pretrial and limine conference. At that conference, Defendants' counsel informed the Court that, just that morning, one of defendants' managerial employees had been killed in a work related accident. Due to the trauma of that event, and in light of a certain immediate OSHA on-site investigation, Defendants begged the Court to be relieved of the trial set to commence just a few days hence. Plaintiff's counsel strongly objected, complaining that Plaintiff has been delayed from having her day in court and that she was unwilling to suffer further delays, although she would consent to giving Defendants the day of the funeral off from trial (it should be noted that Defendant's main office, in Garden City, Kansas, is approximately 200 miles west of Wichita, Kansas, the designated site for trial).

Finding the incident constituted extraordinary circumstances, the Court granted Defendants' requested relief from the imminent trial date. However, expressing sympathy to Plaintiff's frustration at her day in Court being delayed, the Court indicated that it would give Plaintiff a firm, prime, trial setting at the next possible date. With all parties being present, respective schedules were discussed. The Court would note that one of Defendants' lawyers made a phone call regarding their availability on various dates, but Plaintiff's counsel did not do so. A trial date of March 1, 2010, was agreed upon by all, and the Court entered an order accordingly the next day. The Court told the parties at that time that it would structure its other matters around this date, in light of Plaintiff's concerns.

On January 21, 2010, Plaintiff filed her first motion for a continuance of that trial setting, on the grounds that she was a CPA, that the trial setting was in the middle of tax return preparation season, and that forcing her to be in Wichita in trial during that time would jeopardize her employment. Given the events noted above, to state that the Court was astonished at the filing of this motion would be an understatement, all the more so since Plaintiff's employment as a tax accountant (and the timing of the tax season) were all matters that obviously had to have been known to Plaintiff's counsel at the time of the November 12, 2009 conference. The Court was further surprised to learn, from an attachment to Defendants' opposition to the motion, that the conflict had first been noted in a letter Plaintiff's counsel sent to Defendants' counsel less than a week following the November 12, 2009 conference, but more than two months before the motion was first filed.[2]

Given this history, the special trial setting of the case, and Plaintiff's earlier complaints about a short delay of the trial schedule even in the face of Defendants' tragedy, the Court is strongly disinclined to grant this request. The November letter between counsel, and the December affidavit signed by Plaintiff, show that Plaintiff's "tax season conflict" was known months before this motion was first filed. During that time, the Court populated its trial calendar with other cases on the belief that a firm schedule for this case had been arranged. Further, while the Court acknowledges that a trial during tax season (to which Plaintiff agreed) would be inconvenient for Plaintiff, it is candidly somewhat skeptical that Plaintiff's employment would truly be jeopardized by such a schedule. However, because the Court can't be certain that this concern is overblown, and because the Court

---

[2]Once Plaintiff's corrected Motion to Continue Trial was filed, with the correct affidavit attached, the Court was further astonished to note that the affidavit in support of the Motion for Continuance had been prepared a full seven weeks prior to the Motion actually being filed.

is unwilling to risk Plaintiff's employment even on account of her counsel's oversight, the Court will reluctantly grant this request.

As it indicated it would, the Court has structured its schedule around the agreed upon dates from the November conference. Therefore, the first available dates it has to grant Plaintiff a new trial are during Defendants' busy times – harvest. The Court will not prejudice Defendants for Plaintiff's conduct. However, Defendants requested a trial date in January of 2011, and the Court is also unwilling to drag a case filed in 2007 into 2011, even if only January of 2011. The Court, therefore, proposed to the parties a prime trial setting of November 15, 2010. After consulting with its clients, Defendants' counsel has advised the Court that this date, though less than ideal, can be made to work so long as its employees who will testify at trial will not be required to travel to Wichita twice for testimony.[3] The Court grants this request.

**IT IS THEREFORE ORDERED** that Plaintiff's Amended Motion to Continue Trial (Doc. 154) is GRANTED, and the trial is rescheduled for November 15, 2010. The Court will allot 6 days for trial. The original Motion to Continue Jury Trial (Doc. 152) is DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated this 2nd day of February, 2010, in Wichita, Kansas.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[3]Defendant had previously requested that when its employees were called during Plaintiff's case, it be allowed to examine them beyond the scope of direct, so they would not have to be re-called during Defendants' case in chief. Plaintiff objected that she should be allowed to control the presentation of evidence during her case in chief, and the Court upheld her objection. The Court is now altering that ruling, and will allow both parties to fully examine each witness called for their respective cases, irrespective of which party first calls such witness.